

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Mr. Nio L. Ledner
County Auditor
DeWitt County
Cuero, Texas

Dear Sir:

Opinion No. O-4571
Re: Constitutionality of Sub-
division 4a of Section 1
of H.B. 520, 48th Legis-
lature, R.S., amending
Section 4 of Article 7150
R.C.S.

     We have received and considered your letter of
July 3, 1943, concerning the question stated in the above
caption.

     The act in question amends and reenacts Article
7150 R.C.S. in such a way as to exempt from taxation all
property, whether real or personal, belonging exclusively
to this State, or any political subdivision thereof, ex-
cept for certain property used for State prison farms.
However, after providing this exemption the act continues
as follows:

> "4a. All property real or personal be-
> longing exclusively to Districts and Author-
> ities created directly by Acts of the Legis-
> lature pursuant to Article XVI, Section 59,
> of the Constitution as agencies of the State
> of Texas, and all property real or personal
> belonging exclusively to Districts and Au-
> thorities created or incorporated under laws
> enacted pursuant to Section 59, Article XVI
> of the Constitution; provided that if any

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Mr. Nic L. Ladner, Page 2

such District or Authority has heretofore ac-
quired or does hereafter acquire property
which at the time of such acquisition is or
was then subject to taxation, and is at the
time of its acquisition being used for gen-
erating, transmitting, and distributing elec-
tric energy or power, such District or Au-
thority shall at the times prescribed by law
for the payment of ad valorem taxes make a
payment in lieu of taxes to the State of Texas
and to the county, city, and such taxing dis-
tricts within which such property is situated;
such payment in lieu of taxes to be in the
amount which would be realized by levying an
ad valorem tax at the current rate for then
current tax year based on the assessed value
of such property for the last current tax
year before being acquired by such District
or Authority; provided further that no pay-
ment shall be made with respect to any prop-
erty no longer owned by such District or Au-
thority for generating, transmitting, or dis-
tributing electric energy or power. Such pay-
ment in lieu of taxes shall be made out of
the revenues received by such District or Au-
thority from the generation, transmission, or
distribution of electric power and energy and
the liability for same shall constitute a lien
or encumbrance only on the Revenues of such
District or Authority and shall be considered
as a part of the operating expenses. Specif-
ically, no payments shall be made in lieu of
taxes with respect to dams, dam sites, reser-
voir areas, and water distributing or irriga-
tion systems. It is the expressed legislative
intent of this Act that such Districts or Au-
thorities make payments in lieu of taxes only
with respect to properties which at the time
of their acquisition were on the ad valorem
tax rolls of the State of Texas or of any
county, city, or any other taxing District of
the State of Texas and which at the time of

Mr. Nic L. Ladner, Page 3

the acquisition were being used for generating, transmitting, or distributing electric power and energy; provided further that it is the expressed legislative intent that no payments shall be made in lieu of taxes with respect to dams, dam sites, reservoir areas, and water distributing or irrigation systems, belonging to any such Authority or District.

"Also where any city or town acquires real and personal property located outside of its corporate limits and outside of the county in which such city or town is situated, except rural electrification lines owned and operated by it, and which is or may be used in the generation, manufacturing, selling or distributing of electricity, such city or town shall make payment in lieu of taxes on same to the State of Texas, the county, City, School districts and such other local taxing districts within which such property is located in like manner as hereinabove provided for such Districts or Authorities; provided that this Subsection 4a shall not be applicable to such property acquired by a city or town situated on a county line.

"And provided further, that any city or town may make such payments in lieu of taxes to the county in which said city or town is located, provided the city or town elects to make such payment by ordinance or resolution passed by the governing body of said city or town." (Emphasis Added)

You have inquired about the constitutionality of the underlined proviso to the second paragraph of Sub-division 4a, purporting to exempt cities and towns of a specified class from the "payments in lieu of taxes" elsewhere generally imposed by this Sub-division. Since the proviso is in the nature of an exemption, we turn our attention to the subject of the exemption, namely, the imposition of a "payment in lieu of taxes" upon cities and

towns acquiring property used in the generation, manufacturing, selling or distributing of electricity, whenever such property is located in a county other than that of the city or town and whenever such property is subject to taxation at the time of its acquisition by the municipality. It will be noticed that in computing the amount of these "payments in lieu of taxes" the current ad valorem tax rate is to be applied to the assessed value of such property for the last year prior to its acquisition by the city or town.

Section 1 of Article VIII of the Texas Constitution provides in part:

"Section 1. Taxation shall be equal and uniform. All property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law. The Legislature. . . . may also impose occupation taxes, both upon natural persons and upon corporations, other than municipal, . . . ." (Emphasis added)

Section 9 of Article XI of the Texas Constitution provides:

"Sec. 9. The property of counties, cities and towns, owned and held only for public purposes, such as public buildings and the sites therefor. Fire engines and the furniture thereof, and all property used, or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public shall be exempt from forced sale and from taxation, provided, nothing herein shall prevent the enforcement of the vendors lien, the mechanics or builders lien, or other liens now existing."

In State v. City of El Paso, 135 Tex. 359, 143 S.W. (2d) 366, the Supreme Court said with reference to these provisions:

Mr. Nic L. Ladner, Page 5

"An examination of the above-quoted con-
stitutional provisions discloses that they
operate to exempt municipal corporations from
only three classes of taxes. These are ad
valorem taxes, occupation taxes, and income
taxes."

Regardless of whether the "payments in lieu of
taxes" imposed upon cities and towns by H. B. 520 be con-
sidered as ad valorem taxes or as occupation taxes, the
exaction of such payments obviously is unconstitutional.
If the payments be considered as ad valorem taxes, they
clearly offend the above provisions either by being based
upon an artificial rather than an actual value of the
property or by being imposed upon the property of a mu-
nicipal corporation. Likewise, if the payments be con-
sidered as occupation taxes, they encounter the prohibi-
tion against the imposition of this type of tax upon the
activities of a municipal corporation.

If it be contended that these payments are
neither ad valorem nor occupation taxes, that they are
some species of tertium quid which can operate as do
ordinary taxes, can accomplish the purposes thereof, but
can escape the limitations thereon, the answer to such
contention is plain. What cannot be done directly can-
not be accomplished by indirection; action is judged by
its effect rather than by its label. To concede that mu-
nicipal property employed for generating and distributing
electricity cannot be the subject of an ad valorem tax of
this type and that a municipality cannot be subjected to
an occupation tax by virtue of its activities in generat-
ing and distributing electricity, yet at the same time to
aver that a legal exaction called a "payment in lieu of
taxes" may be had from municipalities because of their
ownership of such property and their engaging in such
activities would be to elevate form over substance and to
point the way to an easy evasion of the limitations im-
posed by our Constitution upon the power to tax.

Consequently, you are respectfully advised that
the provisions contained in the second paragraph of Sub-
division 4a of Section 1 of H. B. 520 relating to the

exaction of "payments in lieu of taxes" from cities and towns under the circumstances and in the manner therein set forth are violative of the above quoted portions of our Constitution. As a result of this conclusion there is no need to enter into a separate discussion of the constitutionality of the proviso to this paragraph about which you inquired.

This opinion is in no way to be construed as passing upon the constitutionality of the first paragraph of Sub-division 4a relating to the exaction of payments in lieu of taxes from the districts and authorities therein described; neither do we express any opinion herein as to the validity of the last paragraph of Sub-division 4a relating to voluntary payments by cities and towns.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By R. Dean Moorhead

R. Dean Moorhead
Assistant

APPROVED AUG 23, 1943

ATTORNEY GENERAL OF TEXAS

RDM:ff

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE